█ EDNA MILLER et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30821.) — Appeal from a judgment of the Court of Claims entered upon a decision which dismissed a claim for damages for personal injuries and property damage sustained by claimants when the automobile in which they were traveling, on an August afternoon, in a slight drizzle of rain, skidded on the wet pavement of the Taconic State Parkway, reversed its direction and struck a tree off the highway. Claimants' engineering expert testified that the approach to the scene of the accident was "a gentle upgrade swinging slightly to the right" followed by "a very sharp downgrade with a sharp left turn", the approach to the latter curve and grade being "blind". Claimant operator testified that the car proceeded at 30 to 35 miles per hour to the top of the grade and that as it proceeded downward and he became aware that it "had taken a spurt of speed" he removed his foot from the accelerator and a moment later applied the brake, at which time the skid began. He said that he applied the brake as he reached the "sharpest part" of the curve; but on a pretrial examination he had testified that he "had rounded the curve * * * and was just on the verge of leaving that curve" when the car "made a complete ' U ' turn" and that until that turn occurred he did not realize that his car "was having trouble or difficulty * * * it happened that quickly". The expert called by claimants said that the road at the accident site was not constructed in accordance with good engineering practice in that the average grade of 7½% was, in his view, excessive; the minimum radius of curvature should have been 1,750 to 1,800 feet for a permitted speed of 50 miles per hour, rather than the actual 705 feet (average) which he measured; and the banking was insufficient by 10 inches or more. Under these highway conditions and from

the data thus found, the expert's conclusion was that the permitted speed should have been 35 miles per hour and that good practice required signs indicating a steep curve and a sharp left turn. As to speed, however, the evidence was that the car did in fact enter the curve at the speed recommended by this expert, or at a slightly lower rate, and the court found, in accordance with claimant operator's testimony, that his speed was 30–35 miles per hour and that the subsequent "spurt of speed" was "without voluntary action on his part." As to signs, the court chose to accept the testimony of the Parkway foreman in charge of this particular section of highway, who testified from memory that there was in place a "slow" sign indicating a left curve, that about 1,200 feet back was a 34 inches x 60 inches sign "Caution — Pavement slippery when wet for next six miles" and six miles back of that a similar sign warning that the pavement was slippery when wet for the next 12 miles. The credibility of this witness was primarily for the trial court and while another trier of the facts might have rejected his testimony, we find no sufficient basis in this record for disturbing the trial court's considered judgment with respect thereto. Upon the entire record there was warrant for the finding that there was no negligence on the part of the State constituting a proximate cause of the accident. We disapprove, however, as contrary to the weight of the evidence, the finding that the claimant operator was negligent. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.